FILED
United States Court of Appeals
Tenth Circuit

September 5, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FRONALEE SOTO, as administrator for
the estate of Antonio Jimenez,

     Plaintiff - Appellant,

v.

BOARD OF COUNTY
COMMISSIONERS OF CADDO
COUNTY, OKLA.; LENNIS MILLER,
Sheriff of Caddo County, Okla., in his
official capacity; CADDO COUNTY
BUILDING AUTHORITY,

     Defendants - Appellees.

No. 17-6227
(D.C. No. 5:16-CV-00416-F)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **EID**, and **CARSON**, Circuit Judges.
_____

Fronalee Soto, as administrator of the estate of Antonio Jimenez, appeals the

dismissal of her 42 U.S.C. § 1983 complaint against the Board of County

Commissioners of Caddo County, Oklahoma; Caddo County Sheriff Lennis Miller in

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his official capacity; and the Caddo County Building Authority. Ms. Soto alleged her son, Mr. Jimenez, died in the custody of the Caddo County jail as a result of the Defendants' municipal policies. The district court ruled Ms. Soto failed to provide enough factual content to state a plausible claim against any of the Defendants and thus dismissed her complaint under Fed. R. Civ. P. 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

I. Background.

Mr. Jimenez was placed in custody for delinquent child support in the Caddo County Jail on April 21, 2014. He died there 59 hours later. Ms. Soto alleges these facts:[1] Mr. Jimenez was intoxicated when he was placed in custody; he was pepper-sprayed and tased; he was restrained in a chair for four hours and left alone in a padded cell for twelve hours; he received no medical care; and as a result of the foregoing, he vomited and died.

Ms. Soto asserted four § 1983 claims against the Defendants, all based on municipal liability: (1) excessive force; (2) inadequate training and supervision amounting to deliberate indifference; (3) failure to render adequate medical care; and (4) unconstitutional policies, practices and procedures to withhold medical care.

In her excessive-force claim, Ms. Soto alleged in the most general terms that unidentified jail officers used excessive force against Mr. Jimenez. She asserted the

---

[1] Ms. Soto twice amended her complaint; the operative complaint under review is her second amended complaint. She amended her first complaint before the court ruled on Defendants' motion to dismiss, and the district court granted Defendants' motion to dismiss her amended complaint, with leave to amend.

2

Defendants were liable for the officers' actions, but did not allege any facts other than her assertion that the officers were employed by Defendants. She referenced, without any explanation, Caddo County's Use of Force Policy.

The district court dismissed the excessive force claim because § 1983 does not permit municipal liability under a theory of respondeat superior or vicarious liability, and Ms. Soto failed to allege any facts to suggest the Use of Force policy was the moving force behind any actions taken with respect to Mr. Jimenez. *See Mocek v. City of Albuquerque*, 813 F.3d 912, 933 (10th Cir. 2015) ("A municipality is not liable solely because its employees caused injury," but rather, because the municipality, "[t]hrough its [own] deliberate conduct, . . . [was] the 'moving force' behind the injury." (emphasis and internal quotation marks omitted)).

In her inadequate-training-and-supervision claim, Ms. Soto attached the Caddo County Jail's Operations Manual and alleged Defendants failed to comply with unspecified provisions of this Manual. She alleged that unnamed jail officials unnecessarily pepper sprayed and tased Mr. Jimenez and that he died as a result of unspecified policies and procedures at the jail. And she alleged Defendants allowed the jail to operate with little or no regard for the safety and well-being of the inmates. The district court dismissed this claim because Ms. Soto's allegations were conclusory and insufficient to establish liability, as she failed to allege any facts showing the Defendants failed to train or supervise jail officials adequately or failed to provide for the health and safety of inmates.

3

In her lack-of-medical-care claim, Ms. Soto alleged unspecified officers knew that Mr. Jimenez was intoxicated when he was booked into the Caddo County jail; knew this could make him dehydrated or susceptible to complications, including a reaction to pepper spray and tasing; that these unspecified jail officers did nothing to respond to an unspecified medical condition confronting them, or their unspecified actions were a departure from an adequate medical response; and that a jail policy requiring the County Sheriff be notified before transferring an inmate to the hospital placed Mr. Jimenez's life in jeopardy. The district court dismissed this claim because Ms. Soto failed to identify any facts showing that any municipal policy was the moving force behind any alleged lack of medical care.

Finally, in her unconstitutional-policies claim, Ms. Soto alleged Defendants had a constitutional obligation to develop policies and procedures to provide adequate medical treatment for inmates. She attached several jail policies, and alleged generally that the Defendants failed to implement or enforce these policies. The district court dismissed this claim because Ms. Soto failed to set forth any facts showing how the Defendants failed to implement or enforce these policies or that any of the attached policies was the moving force behind any alleged constitutional violation.

Thus, the district court ruled that Ms. Soto's second amended complaint failed to set forth sufficient facts to state a plausible § 1983 claim against any of the

4

Defendants and dismissed her complaint with prejudice. Ms. Soto filed a motion for reconsideration or new trial, which the court denied. Ms. Soto timely appeals.[2]

II. Standard of Review.

Federal pleading rules call for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need not set forth "detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. (internal quotation marks omitted).

Rule 12(b)(6) authorizes a court to dismiss a complaint for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The [factual] allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247

---

[2] Ms. Soto also filed a motion for reconsideration or new trial, which the court denied. Ms. Soto's notice of appeal challenged that denial, but she does not assert any challenge to the denial in her opening brief. Thus, Ms. Soto has waived appellate review of the denial of her post-judgment motion. *See SCO Grp., Inc. v. Novell, Inc.*, 578 F.3d 1201, 1226 (10th Cir. 2009) ("An issue or argument insufficiently raised in a party's opening brief is deemed waived.").

(10th Cir. 2008). Allegations that are "so general that they encompass a wide swath of conduct, much of it innocent," will not be sufficient. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

"The legal sufficiency of a complaint is a question of law, and a Rule 12(b)(6) dismissal is reviewed de novo." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). To make this assessment, we first discard allegations in the complaint that are "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. We accept as true the remaining, well-pleaded (that is, plausible, non-conclusory, and non-speculative) factual allegations and construe them in the light most favorable to the plaintiff. *Id*. at 679.

III. Discussion.

"A municipality or other local government may be liable under [§ 1983] if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (internal quotation marks omitted). "But, under § 1983, local governments are responsible only for their *own* illegal acts." *Id*. (internal quotation marks omitted). "They are not vicariously liable under § 1983 for their employees' actions." *Id*.; *see also Jenkins v. Wood*, 81 F.3d 988, 993 (10th Cir. 1996) ("A municipality may not be held liable under [ ] § 1983 simply because it employs a person who violated a plaintiff's federally protected rights.").

6

There are three requirements for municipal liability under 42 U.S.C. § 1983:
(1) the existence of an official policy or custom; (2) a direct causal link between the
policy or custom and the constitutional injury; and (3) that the defendant established
the policy with deliberate indifference to an almost inevitable constitutional injury.
*Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769-70 (10th Cir.
2013).  "It is only when the execution of the government's policy or custom . . .
inflicts the injury that the municipality may be held liable under § 1983." *City of
Canton v. Harris*, 489 U.S. 378, 385 (1989) (internal quotation marks omitted).  A
"single incident of unconstitutional activity is ordinarily not sufficient to impose
municipal liability." *Moss v. Kopp*, 559 F.3d 1155, 1169 (10th Cir. 2009).

On appeal, Ms. Soto first argues the district court applied the incorrect
standard in ruling on the Rule 12(b)(6) motion to dismiss.  She claims it applied a
summary-judgment standard under Fed. R. Civ. P. 56, not the plausibility standard
used under Rule 12(b)(6).  Her support for this argument is a list of cases cited in the
district court's order that had been decided at the summary-judgment stage.  But in
every example cited by Ms. Soto, the district court cited the case in question for the
relevant § 1983 standards for legal liability, not for the procedural review standards
used to determine if a § 1983 complaint is subject to dismissal.  *E.g.*, Aplt. App.
at 191 (citing *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010), for its
holding that "a municipal policy may take the form of the failure adequately to train
or supervise employees"); *id.* (citing *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397,
411 (1997), for its holding that a § 1983 plaintiff must allege facts showing that a

7

municipal action reflects deliberate indifference to the constitutional risk). We find no basis whatsoever to conclude the district court misapplied the Rule 12(b)(6) standard.

Next, Ms. Soto argues that her complaint provided all the information available to her, and that she can only provide additional facts if she is allowed to proceed past the pleading stage and conduct discovery. But the courts will not "unlock the doors of discovery for a plaintiff armed with nothing more than" legal conclusions, conclusory allegations, and speculation. *Iqbal*, 556 U.S. at 678-79.

Ms. Soto argues she should not be required to identify the particular policy the Defendants violated. She cites cases from outside this circuit decided before *Iqbal*, mostly unpublished district court cases, which held the plaintiffs in those cases did not need to identify the precise municipal policy at the pleading stage. And she asserts, without authority, that there is no case law that supports the district court's ruling that she must allege facts showing the policies she attached were the moving force behind the constitutional deprivation.

Ms. Soto's arguments ignore well-established Tenth Circuit precedent holding a § 1983 municipal liability claim must include factual allegations that a particular municipal custom or policy was the moving force behind the constitutional injury in order to withstand a Rule 12(b)(6) dismissal. *See, e.g.*, *Pyle v. Woods*, 874 F.3d 1257, 1266 (10th Cir. 2017) (affirming Rule 12(b)(6) dismissal of municipal-liability claim where the plaintiff only provided a formulaic recitation of the elements of the claim, and failed to provide sufficient factual allegations of a link between the injury

and the municipal policy or custom); *see Mocek*, 813 F.3d at 934 (affirming Rule 12(b)(6) dismissal of complaint that asserted a municipal policy was the moving force behind the injury, but cited "no particular facts in support of these threadbare recitals of the elements of a cause of action" (internal quotation marks omitted)); *Moss*, 559 F.3d at 1169 (affirming Rule 12(b)(6) dismissal because plaintiffs failed to allege any conduct by the sheriff or county apart from their employees' actions); *Beedle v. Wilson*, 422 F.3d 1059, 1074 (10th Cir. 2005) (affirming Rule 12(b)(6) dismissal where plaintiff failed to identify a municipal policy or custom that caused the plaintiff's injury).

Here, Ms. Soto did not allege sufficient facts that show any link between the municipal policies she attached to her complaint and the alleged deprivation of Mr. Jimenez's constitutional rights. As in the cases above, aside from speculation and conclusory statements, there are no allegations in Ms. Soto's complaint that give rise to an inference that the Defendants themselves established a deliberate policy or custom that was the moving force behind Mr. Jimenez's death. All of her allegations are the sort of "naked assertions devoid of further factual enhancement" that *Iqbal* instructs courts to disregard. 556 U.S. at 678 (brackets and internal quotation marks omitted).

We affirm.

Entered for the Court

Joel M. Carson
Circuit Judge

9