FILED
United States Court of Appeals
Tenth Circuit

November 7, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

RUBYE L. DAVIS,

      Plaintiff - Appellant,

v.

UNIFIED SCHOOL DISTRICT NO. 512,
a/k/a Shawnee Mission School District;
GINNY LYON; JOHN McKINNEY,

      Defendants - Appellees.

No. 18-3199
(D.C. No. 2:15-CV-09160-KHV)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

In this employment discrimination case, Rubye L. Davis appeals from a district

court order that entered summary judgment in favor the defendants. Our jurisdiction

arises under 28 U.S.C. § 1291. We affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**Background**

Ms. Davis, an African-American woman, worked in Kansas as a science teacher for Unified School District No. 512. From 2007 to 2015, she taught biology and human anatomy/physiology at Shawnee Mission East High School (Mission East). She also sponsored the Brain Bee program, a biology contest and networking forum for students.

In March 2015, Principal John McKinney and Certified Professional Staff Director Ginny Lyon reassigned Ms. Davis to Shawnee Mission West High School (Mission West), which has a higher percentage of minority students than Mission East. Although her salary and benefits were to remain the same, she was given less advanced biology classes to teach and she could no longer sponsor Brain Bee. Further, Mission West "had a serious student disciplinary problem." Aplt. App. at 154.

Before the 2015-16 school year began, Ms. Davis resigned and filed a 42 U.S.C. § 1983 suit against the School District, Principal McKinney, and Director Lyon. She alleged that her reassignment constituted racial discrimination in violation of 42 U.S.C. § 1981 and that the School District ratified her discriminatory reassignment.[1] The defendants moved for summary judgment.

---

[1] As the parties are familiar with this case, we need not recount the lengthy procedural history of this case that ultimately culminated in Ms. Davis's civil-rights suit against the instant defendants.

Applying the familiar *McDonnell Douglas* burden-shifting framework,[2] the district court determined that while "the record presents a genuine fact issue whether reassigning [Ms. Davis] to teach at [Mission West] constituted adverse employment action," Aplt. App. at 258, Principal McKinney and Director Lyon were entitled to qualified immunity because it was not clearly established that the reassignment was an adverse employment action. The district court further concluded that Ms. Davis failed to show a triable issue as to whether the School District ratified Principal McKinney and Director Lyon's reassignment decision. Accordingly, the district court entered summary judgment in the defendants' favor.

## Discussion
### I. Standards of Review

"We review the district court's summary judgment decision de novo, applying the same standards as the district court." *Punt v. Kelly Servs.*, 862 F.3d 1040, 1046 (10th Cir. 2017). Summary judgment is required when "there is no genuine dispute as to any

---

[2] The framework applies in cases lacking direct evidence of discrimination, and it requires the plaintiff to initially establish a prima facie case of discrimination. *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002). That means the plaintiff must "show, by a preponderance of the evidence, that she is a member of a protected class, she suffered an adverse employment action, and the challenged action occurred under circumstances giving rise to an inference of discrimination." *Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1266 (10th Cir. 2015). If the plaintiff meets the prima-facie-case requirements, the burden then shifts to her employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* If the employer does so, the burden then shifts back to the plaintiff to proffer evidence that the employer's stated reason for its decision is pretextual. *Id.*

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff, who must clear two hurdles in order to defeat the defendant's motion." *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009). First, "[t]he plaintiff must demonstrate on the facts alleged . . . that the defendant violated h[er] constitutional or statutory rights." *Id.* Second, the plaintiff must show "that the right was clearly established at the time of the alleged unlawful activity." *Id.* "If, and only if, the plaintiff meets this two-part test does a defendant then bear the traditional burden of the movant for summary judgment—showing that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law." *Nelson v. McMullen*, 207 F.3d 1202, 1206 (10th Cir. 2000) (internal quotation marks omitted).

## II. Adverse Employment Action

An "[a]dverse employment action includes [a] significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Piercy v. Maketa*, 480 F.3d 1192, 1203 (10th Cir. 2007) (internal quotation marks omitted). There must be something more than "a mere inconvenience or an alteration of job responsibilities." *Id.* (internal quotation marks omitted).

We agree with the district court—the law is not clearly established that a reassignment such as Ms. Davis's constitutes an adverse employment action. "A right is clearly established when every reasonable official would understand that what he is doing

4

violates that right." *Lincoln v. Maketa*, 880 F.3d 533, 537 (10th Cir. 2018) (brackets and internal quotation marks omitted). "[T]he key is whether the *specific* conduct has been clearly established as a constitutional violation." *Id.* (emphasis added). "Accordingly, we usually require an applicable Supreme Court or Tenth Circuit opinion or the clear weight of authority from other courts treating the conduct as unconstitutional." *Id.* Although we do "not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (per curiam) (internal quotation marks omitted).

The Supreme Court has not addressed a reassignment with these characteristics, and it has observed in the context of retaliatory reassignment, "To be sure, reassignment of job duties is not automatically actionable." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 71 (2006). The Tenth Circuit has addressed similar discriminatory-reassignment claims, reaching different results that would not clearly establish the § 1981 liability of Principal McKinney and Director Lyon. *Compare Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1275, 1279-80 (10th Cir. 2010) (holding there was adverse employment action where school district reassigned "Executive Director of Curriculum and Instruction" to elementary school principal, reduced her vacation benefits immediately, and reduced her salary and retirements benefits after one year), *with Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 532 (10th Cir. 1998) (holding there was no adverse employment action where a fourth-grade teacher was reassigned to a school farther from her home to teach second grade, but paid the same salary and benefits).

5

Similarly, the clear weight of authority from other courts does not render Ms. Davis's reassignment beyond debate as an adverse employment action. *See, e.g., Campbell v. Haw. Dep't of Educ.*, 892 F.3d 1005, 1011, 1015 (9th Cir. 2018) (holding that teacher's assignment to teach remedial math classes, a subject for which she was not certified, was not an adverse employment action); *Dass v. Chi. Bd. of Educ.*, 675 F.3d 1060, 1070 (7th Cir. 2012) (holding that teacher's "assignment to teach seventh grade rather than third grade" was not an adverse employment action even though seventh grade may have been more difficult to teach and the students "may have been more unruly than third-grade students"); *Galabya v. N.Y. City Bd. of Educ.*, 202 F.3d 636, 641 (2d Cir. 2000) (holding that teacher's reassignment from a "special education, junior high school keyboarding class" to a "mainstream high school keyboarding class" was not an adverse employment action, as there was no evidence reassignment could "constitute a setback to the plaintiff's career"), *abrogation on other grounds explained in Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 43-44 (2d Cir. 2019); *but see Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 412 (3d Cir. 1999) (reassignment of physics teacher to a school where he taught "less desirable science classes" and then to a "difficult school" established a prima facie case of adverse employment action).

Ms. Davis asserts that she does not need an adverse employment action to avoid qualified immunity because "[t]o rule otherwise would be a resurgence of the odious doctrine of 'separate but equal' which was long ago cast into the ash can of history by the Supreme Court." Aplt. Opening Br. at 17. But she provides no supporting authority, and we "will not consider issues adverted to in a perfunctory manner, unaccompanied by

6

some effort at developed argumentation." *Armstrong v. Arcanum Grp., Inc.*, 897 F.3d 1283, 1291 (10th Cir. 2018) (ellipsis and internal quotation marks omitted).

We conclude that the district court properly entered summary judgment in favor of Principal McKinney and Director Lyon on the basis of qualified immunity.

## II.  Ratification

Qualified immunity is not available to the school district, "a quasi-municipal agency." *Seamons v. Snow*, 206 F.3d 1021, 1029 (10th Cir. 2000).  Nevertheless, "to prove a § 1983 claim against a municipality, a plaintiff must show the existence of a municipal policy or custom which directly caused the alleged injury." *Pyle v. Woods*, 874 F.3d 1257, 1266 (10th Cir. 2017).  One way such a policy or custom comes into play is where "final policymakers" have ratified "the decisions of subordinates to whom authority was delegated." *Id.*

Ms. Davis argues that the School District ratified Principal McKinney and Director Lyon's reassignment decision.  She reasons that ratification occurred when her attorney sent a letter to the School District asking that she not be reassigned, and the School District's counsel responded:

> Transferring Ms. Davis to Shawnee Mission West was deemed necessary and in the best interests of the [D]istrict and its students.  The District denies that any other reasons exist for her transfer.
>
> . . .
>
> Accordingly, Ms. Davis has no legal claim against the District.  Her qualifications, skills, and other assets do not depend on her current teaching position.  They do not give her a legal right to keep it.

Aplt. App. at 123.

7

The district court concluded that counsel's response did not create a triable issue as to ratification because there was no evidence that the District had "authorized counsel to 'speak with final policymaking authority.'" *Id.* at 264 n.13 (quoting *McMillian v. Monroe Cty.*, 520 U.S. 781, 784-85 (1997)).

We agree with the district court. Ms. Davis identifies no evidence that the School District's counsel "possessed the authority to make final policy decisions concerning the transfer of school district personnel."[3] *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 738 (1989).

AFFIRMED.

Entered for the Court


Joel M. Carson III
Circuit Judge

---

[3] Indeed, Ms. Davis' brief is devoid of even a single record citation showing that the District ratified her reassignment. And we will not sift through the record to find factual support for her arguments. *United States v. Rodriguez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997).