FILED
**United States Court of Appeals**
**Tenth Circuit**

**May 19, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JASON SANCHEZ,

      Plaintiff - Appellee,

v.

MIKE GALLAGHER, individually
and in his official capacity; EDDY
COUNTY BOARD OF
COMMISSIONERS,

      Defendants - Appellants.

No. 25-2072
(D.C. No. 2:25-CV-00226-MIS-GJF)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **PHILLIPS**, **McHUGH**, and **ROSSMAN**, Circuit Judges.

_____

As the adage goes, when the facts are bad, pound the law; when the law is bad, pound the facts; and when both are bad, pound the table. But on appeal from a denial of qualified immunity, pounding facts—other than those the district court found—is usually off limits.

---

[*] Except under the doctrines of law of the case, res judicata, and collateral estoppel, this order and judgment is not binding precedent. But it may be cited for its persuasive value, consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Put another way, in appeals of qualified-immunity denials, we defer to a district court's finding of genuine issues of material facts. And unless certain narrow exceptions apply, the court's facts comprise the universe on appeal.

Here, that universe contains former Eddy County, New Mexico, resident Jason Sanchez. Sanchez wrote a coarse screed decrying alleged corruption in the county sheriff's office, submitted it to the county's website, and received confirmation that it would be read aloud at the Board of County Commissioner's next meeting.

After county manager Mike Gallagher chose not to read Sanchez's comment aloud, Sanchez sued Gallagher and the Board for violating his First Amendment right to free speech. At summary judgment, Gallagher asserted qualified immunity, arguing that he chose not to read Sanchez's comment for viewpoint-neutral reasons. But the district court concluded that a reasonable jury could find that Gallagher chose not to read Sanchez's comment because of Sanchez's viewpoint.

We affirm the district court's denial of qualified immunity. As explained below, Sanchez is entitled to have a jury determine whether Gallagher violated Sanchez's clearly established right under the First Amendment.

## BACKGROUND

Because this is an interlocutory appeal of a denial of summary judgment based on qualified immunity, we draw the facts from the district court's order. *E.g.*, *Paugh v. Uintah Cnty.*, 47 F.4th 1139, 1147 n.2 (10th Cir. 2022).

2

Somewhere in Texas, Jason Sanchez was unhappy. As he saw it, corruption in the Eddy County, New Mexico, sheriff's office had led to his wrongful conviction for stalking the mother of his child. After a state appellate court reversed his conviction, Sanchez intended to let the people of Eddy County know his thoughts about their sheriff's office.

So in February 2025, Sanchez visited the county's Facebook page and clicked on a link to submit a public comment for the next Board meeting. Unchanged since the COVID era, that link opened to a form that said the Board preferred "written public comments" over ones delivered in person. *Sanchez v. Gallagher*, No. 25-CV-00226, 2025 WL 1642970, at *4 (D.N.M. June 10, 2025) (citation omitted). To that end, the form promised that comments "received by 5:00 PM" the day before the meeting "will be read." *Id.* With several days to spare, Sanchez typed and submitted a comment criticizing various officials in the sheriff's office.

Immediately after submitting his comment, Sanchez received a return email from the Board's website. It repeated the form's message: "written public comments" "received by 5:00 PM" the day before the meeting "will be read." *Id.* (citation omitted).

On the day of the Board meeting, Sanchez tuned in and waited to hear county manager Mike Gallagher read his comment. But Gallagher didn't. The next day, Sanchez sued Gallagher and the Board under 42 U.S.C. § 1983 for

3

violating his First Amendment right to free speech.[1] He sued Gallagher in his individual capacity and the Board under the theory of municipal liability set out in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Gallagher and the Board answered Sanchez's complaint, submitted declarations, and, before discovery, moved for summary judgment based on qualified immunity.

In their filings, Gallagher and the Board argued that Sanchez had no right to have his comment read at the meeting. As Gallagher told it, weeks before Sanchez submitted his comment, Gallagher had decided that he would no longer read electronically submitted comments aloud. In fact, he had told the county's IT person to remove the submit-a-comment links on the county's website and Facebook page. But the IT person missed some of those links, including the one on the Facebook page that Sanchez used to submit his comment. And Gallagher admitted that at the Board meeting before the one at which Sanchez expected him to read the comment, he had read aloud another electronically submitted comment. But he had already decided, without telling anyone, that *that other comment* was the last one he'd read aloud at a Board meeting.

The district court denied Gallagher and the Board's motion. After ruling that Sanchez's speech was protected and that the Board meeting was a limited

---

[1] Sanchez also sued Gallagher under New Mexico law, but those claims aren't on appeal.

public forum, the court concluded that a reasonable jury could find that Gallagher chose not to read Sanchez's comment because of its viewpoint.

Gallagher and the county appealed. Sanchez moved to dismiss that appeal for lack of jurisdiction.

## DISCUSSION

We address Gallagher's and the Board's qualified immunity and *Monell* arguments, then Sanchez's motion to dismiss.

## I.    Qualified Immunity

We begin with jurisdiction. Under the collateral-order doctrine, 28 U.S.C. § 1291 gives us jurisdiction to review "the purely legal question of the application of law to the district court's factual findings." *Krueger v. Phillips*, 154 F.4th 1164, 1175 (10th Cir. 2025).

This scope of review sometimes confuses litigants. Perhaps that's because we reference the district court's "factual findings." *Cox v. Glanz*, 800 F.3d 1231, 1242 (10th Cir. 2015). In a technical sense, a district court hasn't *found* facts in an order denying qualified immunity. Instead, in an order denying summary judgment on qualified immunity, a court has really held that the evidence suffices for a reasonable jury to find certain facts. *See Lewis v. Tripp*, 604 F.3d 1221, 1225 (10th Cir. 2010). That's a legal conclusion, not a factual one.

Normally, litigants expect appellate review of legal conclusions. But for this kind, they shouldn't. *See Ellis v. Salt Lake City Corp.*, 147 F.4th 1206,

5

1222 (10th Cir. 2025) (explaining the origins of this jurisdictional limit). Instead, this conclusion—that a reasonable jury could find facts supporting a § 1983 plaintiff's claims—resides outside of our appellate jurisdiction unless the public-official defendant argues certain narrow exceptions.[2] *Id.* Meaning, unless one of those exceptions is argued and applies, we won't entertain challenges to the district court's *ruling that a reasonable jury could find certain facts*. *E.g.*, *Castillo v. Day*, 790 F.3d 1013, 1018 (10th Cir. 2015). That emphasized phrase can be a mouthful, so we often condense it to "factual findings," *Cox*, 800 F.3d at 1242, "factual conclusions," *Coones v. Board of County Commissioners*, 166 F.4th 1, 15 (10th Cir. 2026) (citation omitted), or "factual determinations," *Ellis*, 147 F.4th at 1224, among other phrases.

With that in mind, we turn to Gallagher and the Board's appeal. We review de novo denials of summary judgment based on qualified immunity. *Coones*, 166 F.4th at 16. Once a public official asserts qualified immunity, it bars § 1983 claims against the official unless the plaintiff can show (1) that the public official violated the plaintiff's "federal constitutional or statutory right"

---

[2] Those exceptions are (1) when a district court fails to identify the facts that support its legal conclusion, (2) when the court's version of events "is blatantly contradicted by the record," or (3) when the court commits "legal error en route to the factual determinations." *Ellis*, 147 F.4th at 1222 & n.3 (citation modified). In their reply brief, Gallagher and the Board state that one of the court's factual findings was unsupported by the record. But we need not address arguments made for the first time on reply. *Eaton v. Pacheco*, 931 F.3d 1009, 1025 n.15 (10th Cir. 2019).

and (2) that the right "was clearly established at the time of the [official's] unlawful conduct." *Id.* (citation omitted).

## A.    Constitutional Violation

In this case, we need not dwell on the first prong. Gallagher has argued that he challenges only the "clearly established" prong of qualified immunity.[3]

For the interested reader, we briefly present Gallagher's violation of Sanchez's right to free speech. Applying our three-step test, we consider (1) the type of forum at issue, (2) whether the plaintiff's speech was protected, and (3) whether the government's reason for restricting the protected speech satisfies the relevant forum's standard of scrutiny. *Mesa v. White*, 197 F.3d 1041, 1044 (10th Cir. 1999). There's more to the third step, but in this case, it's enough to say that in a limited public forum, the government cannot engage in viewpoint discrimination. *See Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995); *see also Heaney v. Roberts*, 846 F.3d 795, 801 (5th Cir. 2017) ("It is beyond debate that the law prohibits viewpoint discrimination in a limited public forum.").

---

[3] At other points in their Opening Brief, Gallagher and the Board appear to challenge the constitutional violation, but those arguments exceed our appellate jurisdiction. As in Gallagher can't argue that choosing not to read the comment had "nothing to do with the content of [Sanchez's] speech," Op. Br. at 15 n.4, 19, 25; that Gallagher "did not limit [Sanchez's] speech," *id.* at 19; or other variations on the theme of "[I] didn't do it," *Johnson v. Jones*, 515 U.S. 304, 316 (1995). Those arguments might convince a jury, and they might even be true. But they contradict the district court's ruling on genuine issues of material fact, *see Ortiz v. Jordan*, 562 U.S. 180, 190 (2011), so we lack jurisdiction to hear them.

At steps one and two, the district court held that the Board's meeting was a limited public forum, and Gallagher's speech was protected. And at step three, it held that a jury could find that Gallagher chose not to read Sanchez's comment because he disfavored its viewpoint. That's viewpoint discrimination, and in a limited public forum, it violates the First Amendment.

## B.    Clearly Established

Turning to qualified immunity's second prong, we ask whether Sanchez's First Amendment right was clearly established when Gallagher violated it. To answer that, we consider whether "the state of the law" gave the public official "fair warning" that his conduct would violate the plaintiff's constitutional right. *Janny v. Gamez*, 8 F.4th 883, 913 (10th Cir. 2021) (citation omitted). As proof, we'll accept "a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts." *Coones*, 166 F.4th at 16 (citation omitted).

We often remark that this prong of qualified immunity "is not a scavenger hunt for prior cases with precisely the same facts." *E.g.*, *Janny*, 8 F.4th at 915 (citation omitted). But even if it were, Sanchez would still prevail because of *Mesa v. White*, 197 F.3d 1041 (10th Cir. 1999).

In *Mesa*, the plaintiff signed up to speak at a county-commission meeting. 197 F.3d at 1043. He said that he wanted to talk about—and likely criticize—a prospective county employee. *Id*. County officials denied the plaintiff a speaking spot because his topic was too "vague." *Id*. We held that a

8

reasonable jury could find that the officials prevented the plaintiff from speaking because they disagreed with his viewpoint. *Id.* at 1048. So we reversed the grant of qualified immunity to the officials. *Id.*

The relevant facts in *Mesa* mirror those here. As in *Mesa*, Sanchez tried to criticize public officials at a county meeting. A county official, Gallagher, prevented that speech. And evidence suggested that the official's content-neutral rationale cloaked viewpoint discrimination.

That said, we assumed in *Mesa* that the county meeting was a designated public forum, not a limited public forum. *See id.* at 1044. But *Rosenberger* had by then held that the First Amendment also prohibits viewpoint discrimination in a limited public forum. 515 U.S. at 829. Plus, *Good News Club v. Milford Central School* reiterated that a government's restriction on speech in a limited public forum "must not discriminate . . . on the basis of viewpoint." 533 U.S. 98, 106 (2001). We repeated that point in *Shero v. City of Grove*: "government restriction on speech in a limited public forum must . . . be viewpoint neutral." 510 F.3d 1196, 1202 (10th Cir. 2007). These cases suffice to clearly establish the law.

Gallagher and the Board argue "that *Rosenberger*," 515 U.S. 819, "defines clearly established law at too high a level of generality." Op. Br. at 14. But we need not address this argument because we may also consider "the clearly established weight of authority from other courts." *Coones*, 166 F.4th at 16 (citation omitted). So we ask: At the time of Gallagher's violation, had other

9

federal courts of appeal held that viewpoint discrimination is unconstitutional in a limited public forum? The Federal Reporters answer with a resounding "yes."[4]

In sum, when Gallagher chose not to read Sanchez's comment, the prohibition against viewpoint discrimination in a limited public forum was clearly established.

## II.     *Monell* Liability

Sanchez also sued the Board under § 1983 based on Gallagher's choosing not to read his comment. The district court denied summary judgment to the Board on Sanchez's *Monell* claim.

---

[4] *E.g.*, *Child Evangelism Fellowship of N.J. Inc. v. Stafford Twp. Sch. Dist.*, 386 F.3d 514, 526 (3d Cir. 2004); *Davison v. Randall*, 912 F.3d 666, 687 (4th Cir. 2019) ("[W]e would normally need to determine whether it constitutes a traditional public forum or designated or limited public forum . . . . we need not decide . . . because . . . viewpoint discrimination . . . is prohibited in all forums." (citation modified)); *Heaney*, 846 F.3d at 801; *see Am. Freedom Def. Initiative v. Suburban Mobility Auth.*, 978 F.3d 481, 491 (6th Cir. 2020); *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1083 (8th Cir. 2024) ("[I]n a limited public forum, a government is prohibited from discriminating against speech on the basis of its viewpoint."); *Seattle Mideast Awareness Campaign v. King Cnty.*, 781 F.3d 489, 502 (9th Cir. 2015) ("In a limited public forum, however, what's forbidden is viewpoint discrimination."); *Jarrard v. Sheriff of Polk Cnty.*, 115 F.4th 1306, 1325 (11th Cir. 2024) ("[E]ven in a non-public forum, the law is clearly established that the state cannot engage in viewpoint discrimination." (citation modified)); *see also Matal v. Tam*, 582 U.S. 218, 243 (2017) ("[V]iewpoint discrimination is forbidden." (citation modified)); *In re Brunetti*, 877 F.3d 1330, 1346 (Fed. Cir. 2017) ("[R]egulations that discriminate based on viewpoint in limited public forums are presumed unconstitutional.").

We begin and end with jurisdiction. Qualified immunity provided us jurisdiction over Gallagher's appeal via the collateral-order doctrine. But there's no qualified-immunity defense against *Monell* claims. *Pyle v. Woods*, 874 F.3d 1257, 1264 (10th Cir. 2017). So we lack jurisdiction over the Board's appeal concerning the *Monell* claim against it, unless there is some other source of jurisdiction.

The only other source here would be our "pendent appellate jurisdiction" for "inextricably intertwined" claims. *See Coones*, 166 F.4th at 16, 33 (citation omitted). We may exercise that jurisdiction only if we have held that (1) an individual county or municipal employee *did not* violate the plaintiff's constitutional or statutory rights, and (2) the *Monell* claim depends on that employee having done so. *See id.* at 16.

But because we affirm the district court's ruling that a jury could find that Gallagher violated Sanchez's First Amendment right, we cannot exercise pendent appellate jurisdiction. So we dismiss the Board's appeal.

## III.    Motion to Dismiss

Sanchez moved to dismiss Gallagher and the Board's appeal for making arguments dependent on its version of facts contrary to those that the district court found were genuinely in dispute. As explained, we lack jurisdiction to hear most of their arguments. So we grant Sanchez's motion in part. But we cannot grant Sanchez's motion in full because Gallagher's argument that the

11

law didn't clearly establish his constitutional violation falls within our appellate jurisdiction.

## CONCLUSION

We grant in part and deny in part Sanchez's motion to dismiss Gallagher and the Board's appeal. We affirm the district court's denial of qualified immunity, and we remand for further proceedings.


Entered for the Court


Gregory A. Phillips
Circuit Judge