DLD-315                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2446

_____

In re:  KARIN WOLF, in propria persona; D and G
(by mother and next friend Karin Wolf);
and on behalf of all others similarly situated,
                                                                                     Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 2-17-cv-02072)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 20, 2017
Before:  CHAGARES, VANASKIE, and KRAUSE, Circuit Judges

(Opinion filed:  August 31, 2017)

_____

OPINION*

_____

PER CURIAM

Karin Wolf has filed a petition seeking a writ of mandamus directing the District

Court to act on an application to proceed in forma pauperis.[1]  For the reasons below, we

will deny the petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] To the extent that Wolf seeks to bring the mandamus petition on behalf of any other
parties, she may not do so.  A non-attorney may not represent other parties.  See Osei-

In March 2017, Wolf filed a complaint in the United States District Court for the Southern District of New York. Because Wolf alleged that the claims arose in New Jersey, that court transferred the matter to the United States District Court for the District of New Jersey. The District Court in New Jersey has not yet acted on Wolf's application to proceed in forma pauperis.

A writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976). As a general rule, the manner in which a court disposes of cases on its docket is within its discretion. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Nonetheless, mandamus may be warranted where a District Court's delay is tantamount to a failure to exercise jurisdiction. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Wolf's complaint was transferred to the District Court of New Jersey in March 2017. The time that has passed since then does not rise to the level of a failure to exercise jurisdiction or an extraordinary circumstance. See id. (concluding that mandamus relief was not warranted in habeas case where petitioner's most recent filing had been pending before the district court for about eight months).

---

Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991) (non-lawyer parent cannot represent interests of children).

Wolf also requests that we direct the District Court to issue summonses to the defendants. Her request is premature. If the District Court grants Wolf's application to proceed in forma pauperis, it will then be required to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) before issuing any summonses.

Finally, Wolf asks that we order the District Court to transfer the case back to the District Court for the Southern District of New York. Wolf has the alternate remedy of requesting that relief from the District Court for the District of New Jersey should her complaint survive the initial screening process.[2]

We are confident that the District Court will act on Wolf's application to proceed in forma pauperis in a timely manner. Accordingly, we will deny the mandamus petition without prejudice to refiling if the District Court does not act within 120 days.

---

[2] To the extent that she asks us to direct Judge Arleo to recuse, we note that Wolf does not have a clear and indisputable right to that relief based on the allegations in her mandamus petition. See Kerr, 426 U.S. at 403.