**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 21, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

DAVID WARNER,

    Plaintiff - Appellant,

v.

KATIE G. LUND; LISA ABEYTA;
ANDRE BILLINGSLEY; NEW MEXICO
STATE POLICE; NEW MEXICO
TAXATION AND REVENUE
DEPARTMENT,

    Defendants - Appellees.

No. 23-2187
(D.C. No. 2:22-CV-00544-WJ-DLM)
(D. N.M.)

_____

## ORDER

_____

Before **MATHESON**, **BACHARACH**, and **MCHUGH**, Circuit Judges.

_____

This matter is before the court on Appellant David Warner's *Motion to Reconsider with Notice of Objection*, which is construed as a petition for panel rehearing pursuant to Federal Rule of Appellate Procedure 40.

Although untimely, *see* Fed. R. App. P. 40(a)(1), the petition is accepted for filing and granted in part to the extent of the modifications in the attached revised Order and Judgment. The Order and Judgment issued on January 31, 2024 is withdrawn and replaced by the attached revised Order and Judgment, which shall be filed nunc pro tunc to January 31, 2024.

Because the panel's decision to partially grant rehearing resulted in only non-substantive changes to the Order and Judgment that do not affect the outcome of this appeal, Mr. Warner may not file a second or successive rehearing petition. *See* 10th Cir. R. 40.3.

Entered for the Court
CHRISTOPHER M. WOLPERT, Clerk

by: Jane K. Castro
    Chief Deputy Clerk

2

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**January 31, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

DAVID WARNER,

    Plaintiff - Appellant,

v.

KATIE G. LUND; LISA ABEYTA;
ANDRE BILLINGSLEY; NEW MEXICO
STATE POLICE; NEW MEXICO
TAXATION AND REVENUE
DEPARTMENT,

    Defendants - Appellees.

No. 23-2187
(D.C. No. 2:22-CV-00544-WJ-DLM)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

David Warner, appearing pro se, appeals the district court's dismissal without prejudice of his amended complaint, which alleged claims under 42 U.S.C. § 1983 and New Mexico state law.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

### A.  *Amended Complaint Allegations*

Mr. Warner alleged in his amended complaint that New Mexico State Police Officer Andre Billingsley issued a traffic citation to him but then failed to accomplish any one of three alternative state law requirements:  obtain Mr. Warner's signature on the citation, detain him, or bring him before a magistrate.  Instead, unbeknownst to Mr. Warner, Officer Billingsley filed the citation and a criminal summons in state court.  State Magistrate Judge Katie Lund held an arraignment hearing and issued bench warrants when Mr. Warner failed to appear.  Mr. Warner was arrested and detained for three days until he posted bail.  ROA at 46-50.

### B.  *District Court Proceedings*

When Mr. Warner filed his original complaint, he moved to proceed *in forma pauperis* ("*ifp*") under 28 U.S.C. § 1915(a).  The federal magistrate judge granted the *ifp* request and noted that "[t]he statute governing [*ifp*] proceedings states 'the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.'"  ROA at 28 (alterations in original) (quoting 28 U.S.C. § 1915(e)(2)).  The magistrate judge concluded the complaint failed to state a claim, ordered Mr. Warner to file an amended complaint, and said "[t]he Court will not order service of Summons and Complaint on Defendants at this time because the Complaint fails to state a claim over which the Court has jurisdiction."  *Id*. at 28-29.[1]

---

[1] The magistrate judge added that "[t]he Court will order service if Plaintiff files:  (i) an amended complaint that states a claim over which the Court has

Mr. Warner filed an amended complaint naming the original defendants—Officer Billingsley, Magistrate Judge Lund, and Magistrate Court Clerk Lisa Abeyta—and adding the New Mexico State Police and the New Mexico Taxation and Revenue Department as defendants.  His § 1983 claims alleged violations of Amendments I, IV, V, VIII, IX, X, and XIV of the United States Constitution.  His state claims alleged violations of the New Mexico Constitution and various New Mexico statutes.  He also alleged various state common law tort claims.

The district court, noting the amended complaint was "in large part identical to the original Complaint," ROA at 63, dismissed the federal claims against the individual defendants for failure to state a claim, dismissed the federal claims against the state entities as barred by the Eleventh Amendment, and declined to exercise supplemental jurisdiction over the state law claims, citing 28 U.S.C. § 1367(c)(3).

As relevant to one of the issues presented on appeal, the district court said that Magistrate Judge Lund had judicial immunity from suit for monetary damages.  ROA at 67-69.  Although the amended complaint alleged that she "le[ft] the Court House, [went] to the New Mexico Department of Motor Vehicle[s] (herein DMV) and personally search[ed] plaintiff's record[s] at the DMV," ROA at 40, the court said the allegations did not establish an exception to judicial immunity—that she "was acting *in complete absence of* all jurisdiction." *Id*. at 68-69.

---

jurisdiction; and (ii) a motion for service which provides each Defendant's address."
ROA at 29.

3

The district court entered judgment dismissing the case without prejudice.

## II.  DISCUSSION

### A. *Issues Presented in Mr. Warner's Brief*

Mr. Warner lists four issues for review:[2]

1. "Refusing to issue 'Summons' to Appellant."  He mentions due process and Federal Rules of Civil Procedure 4 and 5 and argues about the summons giving the Defendants notice.  Aplt. Br. at 3.

2. "Service of Process/Notice and Opportunity."  He makes a similar argument about lack of notice due to withholding the summons to the Defendants.  *Id*.

3. "Katie G. Lund investigating Appellant's driving record at the Department of Motor Vehicles . . . ."  He appears to argue that Magistrate Judge Lund acted outside her jurisdiction and therefore lacked judicial immunity to suit.  *Id*.

4. "Appellees/Defendants acted in their personal capacity as well as under color of law . . . ."  He recounts several filings he made in district court and again references his concerns about the summons, but his argument is otherwise not clear.  *Id*. at 3, 5.

In addition to this list, Mr. Warner argues he should be allowed to amend his complaint.  *Id*. at 4.

### B. *Analysis*

Because Mr. Warner appears pro se, we construe his filings liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).  But we do not "fashion . . . arguments for him," *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994), and we may not "assume

---

[2] Mr. Warner does not contest on appeal much of the district court's analysis and its conclusions on many of his claims.

the role of advocate," *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotations omitted); *see also Pinson*, 584 F.3d at 975.

With the foregoing in mind, we understand Mr. Warner to contend (1) based on issues 1, 2, and 4 of his brief, the district court erred in failing to issue summonses for service on the defendants; (2) the court erred in dismissing the § 1983 claims against Magistrate Judge Lund based on judicial immunity; and (3) he should be granted leave to amend the complaint.

1. **Summons and Service**

Mr. Warner complains that the district court did not issue summonses for service on each defendant. But when, as here, the plaintiff proceeds *ifp* under 28 U.S.C. § 1915(a), a court must screen the complaint and "dismiss the case *at any time* if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

The district court here *sua sponte* dismissed the complaint for failure to state a claim. Section 1915(e)(2)(B)(ii) "authorizes the dismissal of a case prior to service of process if the court determines that the action fails to state a claim upon which relief can be granted." *Collier v. Nelson*, 246 F.3d 679, 679 (10th Cir. 2000) (unpublished).[3] The

---

[3] *See also Kersey v. Becton Dickinson & Co.*, 2017 WL 11622234, *1 (1st Cir. 2071) ("The district court was not required to issue summonses until after it screened the complaint and amended complaint under 28 U.S.C. § 1915(e)(2).") (unpublished); *In re Wolf*, 696 F. App'x 599, 600 (3rd Cir. 2017) ("If the District Court grants [petitioner's] application to proceed in forma pauperis, it will then be required to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) before issuing any summonses.") (unpublished); *Haba v. Arthur*, 851 F. App'x 405, 406 (4th Cir. 2021) ("[S]ervice was not required before dismissing the action for failure to state a claim

district court properly followed the statute and did not err in failing to issue summonses for service before screening the *ifp* complaint under § 1915(e)(2)(B)(ii).

2. **Magistrate Judge Lund**

Mr. Warner takes issue with the district court's determination that Magistrate Judge Lund's alleged search of his DMV records was "complete[ly] abs[ent]" from her jurisdiction and, "[a]t most," was in excess of her jurisdiction. ROA at 67-68; Aplt. Br. at 3. He does not contest on appeal that judicial immunity applies to Magistrate Judge Lund's other alleged actions. As to the DMV search, rather than parse the amended complaint to determine whether it alleged she acted "in complete absence" or "in excess" of jurisdiction, ROA at 67-69, we affirm dismissal on an alternative ground.

Even if a New Mexico magistrate judge should not search a defendant's DMV records, Mr. Warner alleged in only two sentences that Magistrate Judge Lund did so, ROA at 40, 48, and he has failed to allege sufficient facts to show that she violated his constitutional rights. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020).

---

[under] 28 U.S.C. § 1915(e)(2) . . . .") (unpublished). Unpublished cases are not binding precedent, but we may consider them for their persuasive value. *See* Fed. R. App. 32.1(a); 10th Cir. R. 32.1(A).

### 3. **Request to Remand to Amend**

Mr. Warner requests us to remand with instructions to allow him to amend his complaint for the second time. We deny this request. First, he filed his motion for leave to amend in district court after judgment had been entered, "and we have held that once judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (quotations omitted). Second, he moved for leave to amend in district court on the same day he filed his notice of appeal, effectively shifting the question of amendment to this court in the first instance. ROA at 72, 75; *see Pyle v. Woods*, 874 F.3d 1257, 1267 (10th Cir. 2017) (denying plaintiff's request to amend because plaintiff could have made request in district court but instead chose to appeal). Third, his motion failed to provide a proposed second amendment complaint or to explain how he would amend the first amended complaint. *See* Fed. R. Civ. P. 7(b)(1)(B) (requiring a motion to "state with particularity the grounds for seeking the order"); *see Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) (stating a motion seeking leave to amend must give "the particular basis for the amendment"). It instead asked for 45 days to "articulate" his amendment. ROA at 72. Fourth, his request on appeal is cursory and does nothing to cure the foregoing deficiencies. Where a plaintiff fails to "explain[] on appeal how a proposed amendment would cure the deficiencies identified by the district court," we should not remand with instructions to allow leave to amend.

*Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1236 (10th Cir. 2020) (quotations omitted).

### III. **CONCLUSION**

We affirm the district court judgment.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge